BAILES, Judge Ad Hoc.
Plaintiffs-appellants, Bertha Brown and her husband, P. Rayfield Brown, appeal the judgment of the trial court sustaining an exception of no cause of action filed by the Louisiana Commissioner of Elections, one of the defendants herein.
For a cause of action against the appel-lee, Louisiana Commissioner of Elections, Brown alleges she was injured on November 21, 1987, in a fall at night on an unlighted sidewalk as she was leaving the polling place on the premises of Mitchell Elementary School where she and her husband had voted. She further alleges she tripped and fell on the uneven surface of the walk because of no lighting, unevenness of the walk and some breakage in the concrete.
In support of his exception of no cause of action, defendant-appellee commissioner argues that LSA-R.S. 18:16-18 details his powers and duties, and urges that nowhere in the cited statutes is the commissioner responsible for the conduct and operation of the polls.
Conversely, plaintiffs-appellants cite Burgess v. City of Shreveport, 471 So.2d 690 (La.1985), and contend it controls the issue.
In Burgess v. City of Shreveport, supra, on page 692, the supreme court said:
We have reviewed the record and conclude that the trial court’s decision as to the liability of the city and the state was not manifestly erroneous or incorrectly affirmed....
The statutory scheme governing the administration of elections imposes complementary duties upon state and local governments. The parish governing authority has a duty to establish polling places by selecting and designating a location within each precinct. La.R.S. 18:533. The state election commissioners are responsible for conducting elections at each polling place, enforcing the elections laws, and maintaining order at the polling place during the election. La. R.S. 18:425(C).
We find the reliance by appellants in Burgess v. City of Shreveport, supra is not well founded. While the Caddo Parish Police Jury and the City of Shreveport were party-defendants in Burgess, the Louisiana Commissioner of Elections was not. When the court in Burgess stated that the trial court’s decision as to the liability of the city and state was not manifestly erroneous or incorrectly affirmed, the reference to “state” was not the Louisiana Commissioner of Elections because the latter was not a party in the litigation. The nomination “state” was a reference to the Parish Board of Election Supervisors. LSA-R.S. Title 18 places no responsibility or duty on the Louisiana Commissioner of Elections for the selection, conduct, or safety of the polling place; further, appellants have cited no law that is contrary to this position or in support of their position.
Therefore, we hold that the Louisiana Commissioner of Elections, in the context of this action, breached no duty he owed to the appellants, and as a matter of law, is not liable for the alleged injuries.
For these reasons, the judgment of the trial court is affirmed, at appellants’ cost.
AFFIRMED.